| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

RUFINO Q. AQUINO,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　) 　Case No.: 2:19-cv-00929-GMN-VCF
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) 　**ORDER**
PNC BANK NATIONAL ASSOCIATION, *et* )
*al.*,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

　　　　Pending before the Court is the Motion to Dismiss, (ECF No. 3), filed by Defendant PNC Bank National Association ("PNC"). Defendant Clear Recon ("Clear") filed a Joinder, (ECF No. 8), to the Motion to Dismiss. Pro se Plaintiff Rufino Aquino ("Plaintiff") untimely filed a Response, (ECF No. 18), to the Motion to Dismiss and PNC filed a Reply, (ECF No. 20).

　　　　Also pending before the Court is Plaintiff's Motion for Hearing, (ECF No. 12). Clear and PNC (collectively "Defendants") filed Responses, (ECF No. 15, 17), and Plaintiff did not file a reply.

　　　　Also pending before the Court is Plaintiff's Motion for Trial, (ECF No. 13). Defendants filed Responses, (ECF No. 16, 17), and Plaintiff did not file a reply.

## I. BACKGROUND

　　　　The present case involves a dispute over real property located at 395 W. Wigwam Avenue, Las Vegas, Nevada 89123 (the "Property"). (Compl. at 1–2, ECF No. 1-1). Plaintiff alleges that in 2007, his common law wife, Luz Aquino, obtained a mortgage secured by a deed of trust against the Property (the "Loan"). (*Id.*). Plaintiff further alleges that he has an interest in the Property by way of his common law marriage. (*Id.* at 2). In 2019, the Property was sold

at a foreclosure sale and the title reverted to PNC. (*See id.*). Plaintiff contends he was never properly notified of the foreclosure and trustee sale. (*Id.*).

On May 9, 2019, Plaintiff filed his Complaint, (ECF No. 1-1), in state court. PNC subsequently removed to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1).

In his Complaint, Plaintiff requests that the Court void the Loan and reconvey the Property to Plaintiff. (Compl. at 3). On June 7, 2019, PNC filed a Motion to Dismiss, (ECF No. 3), arguing, *inter alia*, that Plaintiff fails to assert a legally cognizable claim; that Plaintiff lacks standing to bring the instant action; and that *res judicata* and collateral estoppel bar Plaintiff from alleging any claims for relief against PNC as related to the Property and the Loan because Luz Aquino has "previously filed at least two lawsuits and one Ninth Circuit appeal against PNC, alleging almost identical claims relating to the Loan and Property." (Mot. Dismiss. at 3–6, ECF No. 3).

Plaintiff's Response to the Motion to Dismiss was due by June 21, 2019. However, Plaintiff failed to respond by the deadline. Nevertheless, on June 21, 2019, Plaintiff filed a Motion for Hearing, (ECF No. 12), and a Motion for Trial, (ECF No. 13).

On July 2, 2019, PNC filed a Notice of Non-Opposition, (ECF No. 14), to its Motion to Dismiss. Then on July 15, 2019—more than 3 weeks after the response deadline—Plaintiff filed a Response, (ECF No. 18), to the Motion to Dismiss.

**II.      DISCUSSION**

PNC moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). PNC also argues that Plaintiff's Complaint should be dismissed pursuant to this Court's local rules.

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958). Under the Local Rules for the United States District Court for the District of Nevada,

"the deadline to file and serve any points and authorities in response to [a motion to dismiss] is 14 days after service of the motion." *See* D. Nev. LR 7-2(b). "The failure to of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d).

The Ninth Circuit instructs that a district court must weigh several factors before granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in light of a local rule authorizing dismissal).

Here, Plaintiff's deadline to respond to PNC's Motion to Dismiss was June 21, 2019. Although Plaintiff filed two motions on June 21, 2019, Plaintiff nevertheless failed to timely respond to PNC's Motion. Indeed, at no point did Plaintiff attempt to obtain an extension from the Court, despite Local Rules permitting parties to file motions seeking deadline extensions. *Cf.* D. Nev. LR IA 6-1 ("A request [for extension] made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."); *see* D. Nev. LR 26-4.

Notably, not only was Plaintiff more than three weeks late in filing his Response, (ECF No. 18), but as PNC points out, the Response does not address any of the arguments raised in PNC's Motion to Dismiss. (Reply at 2, ECF No. 20). Plaintiff's 2-page Response references

only Plaintiff's Motion for Trial and Motion for Hearing; contains no citation to legal authority; and offers no substantive argument. Accordingly, notwithstanding Plaintiff's failure to comply with the June 21, 2019 deadline, Plaintiff has nevertheless failed to file points and authorities in response to PNC's Motion. *See* D. Nev. LR 7-2(d); *see also Faretta v. Cal.*, 422 U.S. 806, 834 (1975) ("[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

Considering the *Ghazali* factors, this Court finds that dismissal of this case: (1) would further the public's interest in the resolution of cases; (2) would aid the Court's management of its docket; (3) would result in no prejudice to Defendants; and (4) no less-drastic sanctions are available in light of the arguments raised in the Motion to Dismiss and its requested relief. *See Ghazali*, 46 F.3d at 53; (*see also* Mot. Dismiss 3–7). Additionally, the policy encouraging the consideration of cases on their merits does not overcome the countervailing factors. Accordingly, based on the *Ghazali* factors and Plaintiff's violation of Local Rule 7-2(d), PNC's Motion to Dismiss is granted.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 3), filed by PNC and joined by Clear is **GRANTED**. Plaintiff's case is therefore dismissed with prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __11__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court